**Anthony J. MENCHACA and Eva Menchaca, Plaintiffs–Appellants,**

v.

**Dennis OTTENWALDER, William Kelley, and Los Angeles Unified School District, Defendants–Appellees.**

No. 99–55082.
D.C. NO. CV–97–6724 SVW (SHx).

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2001.

Decided Aug. 29, 2001.

Before WARDLAW, PAEZ, and TALLMAN, Circuit Judges.

MEMORANDUM *

In this employment discrimination action, Plaintiff Anthony Menchaca appeals from an order of the district court granting summary judgment to the Defendants on all of the remaining claims of his amended complaint.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review *de novo* a grant of summary judgment and may affirm on any ground supported by the record. *Olson v. Morris,* 188 F.3d 1083, 1085 (9th Cir.1999). We affirm.

1. *Race and national origin discrimination under Title VII and § 1983.*

 The district court held that Menchaca had produced insufficient admissible evidence of discriminatory intent to survive summary judgment on his claims of race- and national origin-based discrimination under Title VII, 42 U.S.C. § 2000e–2(a), and under 42 U.S.C. § 1983. We need not address the sufficiency of the evidence of discriminatory intent, as Men-

chaca has failed to present evidence supporting his *prima facie* case. Menchaca claims that he was discriminated against when his supervisors gave him an unfavorable performance evaluation.[2] An unsatisfactory performance evaluation, however, is not itself a "change in terms, conditions, or privileges of employment" and, absent some evidence that the performance evaluation led to other more concrete consequences affecting the benefits and demands of work, is not actionable under 42 U.S.C. § 2000e–2(a) or 42 U.S.C. § 1983. *See Harriston v. Chicago Tribune Co.,* 992 F.2d 697, 704–705 (7th Cir.1993) (plaintiff failed to show that decision to place him in another position was attended by any concrete loss of benefits and so failed to establish change in terms, conditions, or privileges of employment). *See also Bator v. Hawaii,* 39 F.3d 1021, 1028 n. 7 (9th Cir. 1994) (principles governing employment discrimination claims under Title VII apply to discrimination claims under § 1983). Because Menchaca did not present any evidence that the unfavorable performance evaluation resulted in any concrete consequences, the district court properly granted summary judgment on Menchaca's race and national origin discrimination claims.

2. *Retaliation under Title VII.*

 The district court granted summary judgment against Menchaca on his retaliation claim under Title VII, conclud-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Eva Menchaca also asserted claims against the Defendants, but the issues raised on appeal relate only to the claims of Anthony Menchaca. In this disposition, we refer to Anthony Menchaca as "Menchaca."

2. Menchaca's complaint alleged that the defendants created a hostile work environment.

However, neither his opposition to the defendants' summary judgment motion before the district court nor the briefs before this court discuss the law or facts for establishing such a claim. Under these circumstances, Menchaca has waived any argument based on this theory of liability. *See Kohler v. Inter–Tel Techns.,* 244 F.3d 1167, 1182 (9th Cir.2001) (issues raised but not supported by argument in a parties' briefs are deemed abandoned).

ing that Menchaca had produced insufficient evidence of retaliatory motive. We agree that the evidence of retaliatory motive presented by Menchaca is insufficient to survive summary judgment. Menchaca filed his EEOC complaint after the negative performance evaluation of which he complains. And Menchaca presented no evidence that, before his supervisors prepared the evaluation in question, they were aware that he intended to complain of discrimination. The district court properly granted summary judgment against Menchaca on this claim.

3. *Age discrimination under the ADEA.*

■ The district court rejected Menchaca's Age Discrimination in Employment Act (ADEA) claim on the grounds that Menchaca failed to produce sufficient evidence that his supervisors were motivated to take adverse action against him on the basis of his age. Again, we affirm the district court, but on different grounds. Menchaca asserted this claim only against the Los Angeles Unified School District (School District), not against the individual defendants. Because the School District is an agency of the State for purposes of Eleventh Amendment immunity, *Belanger v. Madera Unified School Dist.*, 963 F.2d 248, 251 (9th Cir.1992), Menchaca's claim is barred by *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 67, 120 S.Ct. 631, 637, 145 L.Ed.2d 522 (2000).

4. *Disability discrimination under the ADA.*

The district court concluded that Menchaca's claim under the Americans with Disabilities Act (ADA) could not survive because he had failed to present sufficient evidence of a disability. We need not reach this issue. Prior to consideration of the defendants' motion for summary judgment, the district court dismissed Menchaca's ADA claims against the individual defendants. Menchaca has not appealed that ruling. Thus, like Menchaca's ADEA claim, the ADA claim, after the district court's ruling, is asserted only against the School District. As Menchaca's counsel acknowledged before this court, this claim is foreclosed by *Bd. of Trustees of the Univ. of Alabama v. Garrett*, 531 U.S. 356, ——, 121 S.Ct. 955, 960, 148 L.Ed.2d 866 (2001).[3]

AFFIRMED.

---

**3.** Menchaca's amended complaint asserts a claim of retaliation under the ADA, but only against the School District, not against the individual defendants. Although it is not entirely clear from the briefs in the district court and this court that Menchaca adequately preserved the claim against the School District, even if we assume that he did, the claim is barred by the School District's Eleventh Amendment immunity. *Id.*